## UNITED STATES *v.* HOUGH.

1. A prayer for instructions which are presented as a whole, is properly refused if any of them is erroneous.
2. A collector of internal revenue gave bond, Sept 16, 1864, with sureties to the United States, conditioned for the payment of the money received by him for stamps sold, and the return of those not sold, which had been or might be delivered to him under the act of March 3, 1863, c. 74. That act was repealed June 30, 1864. *Held*, that the liability of the sureties was limited to the stamps delivered to him before the last-mentioned date.

ERROR to the Circuit Court of the United States for the Western District of Tennessee.

The facts are stated in the opinion of the court.

*Mr. Assistant Attorney-General Smith* for the appellant.
*Mr. Philip Phillips* and *Mr. W. Hallett Phillips*, *contra*.

MR. JUSTICE MILLER delivered the opinion of the court.

Ruel Hough, collector of internal revenue for the first district of Tennessee, was furnished by the Commissioner of Internal Revenue with a large amount of revenue stamps, and on

the sixteenth day of September, 1864, he gave, with sureties, bond to the United States in the sum of $25,000, conditioned for the payment of the money received by him for such stamps, and a faithful return of those not sold, whenever required so to do. Suit was brought on this bond. Treasury transcripts were offered in evidence by the plaintiff, showing a statement of his account in reference to revenue stamps, dated Sept. 30, 1870, by which he was found to be indebted to the United States on that account in the sum of $6,093.78. Evidence was offered by the defendants tending to show a balance of $6,434.75 due to him for salary, commissions, and expenses as disbursing agent, which he, before the institution of the suit, had instructed the accounting officer to convey to the credit of this stamp account, and which was sufficient to satisfy it.

Evidence was also offered tending to show a sum due from Hough to the United States for money received as collector of internal revenue, much larger than the amount of his credit for salary and commissions as disbursing agent.

The case was tried by a jury. There was a verdict for the defendants, on which judgment was rendered. The United States sued out this writ.

The main assignments of error relate to the charge of the court to the jury, and the refusal of the court to charge as requested by counsel for the United States.

With reference to the charge given by the court, while it is found in the bill of exceptions, there is clearly no exception shown to that charge. The bill, after reciting the charge, is immediately followed by the statement that " the district attorney moved the court for a new trial, which motion was overruled by the court, to all which the district attorney excepted, and tenders this his bill of exceptions," &c. No mention is made of any exception or any objection to the charge of the court, and none can be considered here.

Before this, however, the district attorney had asked of the court to give a charge, consisting of four propositions, which are set out, and " which instructions," says the bill, " the court refused to give, and the district attorney excepted."

According to the well-settled rule of this court, if either of these four propositions was erroneous, or, in other words, if all

the charge thus asked was not sound law, the court did right in refusing the prayer which presented them as a whole.  See *Johnston* v. *Jones*, 1 Black, 209 ; *Harvey* v. *Tyler*, 2 Wall. 328 ; *Lincoln* v. *Claflin*, 7 id. 132 ; *Beaver* v. *Taylor*, 93 U. S. 46 ; *Worthington* v. *Mason*, 101 id. 149.

One of the propositions so asked was that, under the bond sued on in this case, the sureties of Hough are liable for all amounts of stamps which the proof shows came to his hand as stamp agent, both before and since the execution of the bond, unless the same had been properly accounted for.

It is true that one condition of the bond is to make a faithful return, whenever so required, of the moneys received by him for such stamped vellum, parchment, or paper, and adhesive stamps, as have been or may hereafter be delivered to him ; but it is also a part of the condition of the bond describing the stamps for which they shall be liable, that they were stamps delivered and to be delivered under " the act of Congress to provide internal revenue for the support of the government, approved March 3, 1863," pursuant to the sixteenth section of that act.   Now, that act, and especially the sixteenth section of it, was repealed by the act of June 30, 1864, which enacts its own provisions on this subject.   The act of March 3, 1863, was, therefore, no longer in existence when the bond was taken which binds the sureties for stamps received under its provisions, and, as the obligation of sureties cannot be extended beyond what they have in terms assumed, they cannot be held liable for stamps furnished under the act of 1864.   The date of the bond, be it remembered, was Sept. 16, 1864.   The act of 1863 had then been repealed more than two months. Stamps undoubtedly had been delivered, before the repeal of the act of 1863, to Hough which had not been accounted for when the bond was given, and it was competent for the government to take a bond covering the stamps advanced to him under that act.

It was also competent for the sureties to limit their liabilities to stamps received under the act of 1863 ; and the record shows that they did.   The court below told the jury that the sureties were only liable for stamps received by Hough prior to the 30th of June, 1864, the date of the repealing act ; and to

this no exception was taken. As we think the court was right in this, the charge asked by the district attorney was properly rejected.

The difficulty seems to have grown out of the use of a form of bond framed under a statute which had been repealed.

Objection is made to the admission of two pieces of evidence designed to show that Hough had applied the credit due him as disbursing agent to the extinguishment of the balance due from him as stamp agent. The objection is not made to the pertinency of the evidence, but to the fact that it was not presented for allowance as a credit to the proper accounting officer of the treasury and rejected, as provided in sect. 951, Revised Statutes.

The answer to this is that the claim itself had been allowed by the proper accounting officer of the treasury, and the point in issue was as to the application of the sum so allowed to one of two distinct claims of the government against him. To such a case the section has no application.

Though there may have been many errors committed in the trial of this case, there are none so presented by the record that we can correct them.

*Judgment affirmed.*