## PATTERSON *v.* WOLD *et al.*

*(Circuit Court, D. Minnesota. January 14, 1888.)*

JUDGMENT—EFFECT—RES ADJUDICATA.

 A receiver of an insolvent filed a bill to set aside a deed from the insolvent to his son, while largely indebted, but before insolvency proceedings, and a mortgage given by the son to certain creditors of his father, to secure their debts, alleging the deed to be without consideration, and the mortgages fraudulent preferences. Judgment was rendered for defendants. *Held,* a bar to a second bill by him alleging that the son was a creditor of the father, and that the conveyance to him was a fraudulent preference, and the subsequent mortgage therefore void.

In Equity. Bill to set aside deed.

Arthur E. Patterson, as the receiver of the estate of B. S. Wold, insolvent, filed a bill to set aside a deed made by him, making Stephen S. Wold, E. B. Pieckenbrock, John Bell & Co. and others, defendants.

*Cooley, Akers & Cooley,* for complainant.

*Henry C. James* and *Henderson, Hurd & Daniels,* for defendants.

BREWER, J. This case is submitted on the plea of a former adjudication. The facts are these: Prior to December 8, 1883, defendant Boson S. Wold was a merchant, doing business in the county of Rock, in this state. He was then largely indebted. He had become entitled to the conveyance of a tract of land from the railroad company, defendant.

Instead of taking the deed to himself, he caused it to be made to his son, Stephen S. Wold, and thereafter the son mortgaged the land to his co-defendants, Pieckenbrock, Bell & Co., to secure debts of B. S. Wold to them. Subsequently to these transactions, insolvency proceedings were instituted, under the laws of the state, against B. S. Wold, and complainant was duly appointed receiver. He then commenced an action to recover the land for the estate of the insolvent, and to have the mortgage declared null and void. That action was tried and judgment rendered against him. Thereupon he filed this bill, seeking the same relief. The bills of complaint in the two cases are alike in alleging the insolvency proceedings, the title of complainant, B. S. Wold's right to a conveyance from the railroad company, the conveyance to the son, and the mortgages by him to secure his father's indebtedness.

The differences between the two bills are these: In the first bill it was alleged that the conveyance to the son was without consideration passed to the father, the insolvent, and was, therefore, fraudulent and void as against the creditors of the insolvent; that the mortgages by the son to the father's creditors were fraudulent preferences, under the insolvent law, and were taken by the creditors when they had reasonable grounds to believe that the debtor was insolvent. In the present bill it is alleged that the son was a creditor of the father to the amount of about $1,200, and that the land was conveyed to the son in payment of this debt; that this was a fraudulent preference under the statute, and therefore void; and, being void as to him, the mortgages given by him were also void. Such are the differences between the two cases, and the question is whether the former judgment is a bar to the present suit. The question under what circumstances a former judgment is a bar to a later action, has been, of late years, carefully considered by the supreme court of the United States in several cases, and the rules controlling clearly stated. *In re Chiles*, 22 Wall. 157; *Cromwell* v. *County of Sac*, 94 U. S. 352; *Case* v. *Beauregard*, 101 U. S. 688; *Stout* v. *Lye*, 103 U. S. 71.

In the case of 94 U. S., *supra*, the court thus states the rule which is invoked by the defendant in the present case:

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action, between the same parties, upon a different claim or cause of action. In the former case the judgement, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties, and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument, and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered; such as forgery, want of consideration, or payment. If such defenses were not presented at the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at

law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties, in proceedings at law, upon any ground whatever."

Under this rule, if the claim or cause of action in the two cases be the same, the former judgment is a bar, although the grounds of recovery may be different. Now, what is the cause of action in each case? Clearly, it is the alleged right of the complainant to have this land for the benefit of his estate, free of all incumbrances, and the denial of such right by the defendants. Perhaps the most philosophical, as well as the best, analysis of the elements which constitute a cause of action, as the phrase is used in the law, is to be found in Pomeroy's Remedies and Remedial Rights. See paragraph 3, c. 3, and also section 518, and following. In section 519 he expresses himself in this language:

"The 'cause of action,' therefore, must always consist of two factors,—(1) the plaintiff's primary right, and the defendant's corresponding primary duty, whatever be the subject to which they relate, person, character, property, or contract; and (2) the delict, or wrongful act or omission of the defendant, by which the primary right and duty have been violated. Every action, when analyzed, will be found to contain these two separate and distinct elements, and, in combination, they constitute the 'cause of action.'"

Now, what is the plaintiff's primary right as alleged in these cases? Obviously, in each the same,—the right to have the land; and the defendant's corresponding primary duty is to let him have the land; and the defendant's delict or wrongful act is the failure to let him have the land. These exist in each case, and in each case alike. It is true, the basis of complainant's primary right is, as alleged, different in one case from that in the other; but this is mere difference, in the language of the supreme court, in "the grounds of recovery." The mere fact that different testimony would be necessary to sustain the different allegations in the two bills does not, of itself, necessarily make two distinct causes of action. Take this illustration: Suppose a party brings suit to recover the possession of real estate, and alleges in his complaint that he is owner by virtue of a patent from the government. After a judgment against him, would he be permitted to maintain a second action, alleging that he was owner by virtue of certain tax proceedings, or by virtue of a judicial sale? Yet different testimony would be required to sustain his allegations in the two actions. In both of such actions plaintiff's primary right, that of possession based on ownership, would be the same, the only difference being in the grounds of recovery. All the grounds of recovery, all the bases of plaintiff's title, must be presented in the first action, or they are lost to him forever; exactly the same as when a party, sued upon a note, and having several defenses, pleads only one,—the balance are as though they never existed. The party who has his day in court must make his entire showing. He cannot support a claim or a defense in different actions on different grounds.

The case of the *Watch Co.* v. *Meyer*, 29 Fed. Rep. 225, decided by this court, contains nothing contradictory to these views. There, in the first instance, the plaintiff commenced an action of attachment, alleging fraudulent conveyances by the defendant. Succeeding in the action, it filed a bill to subject certain real estate, transferred by one conveyance, to the satisfaction of its judgment. In that action the conveyance was held valid, and a decree rendered against the plaintiff. Thereafter it filed a second bill, alleging that all the conveyances made by the defendant were part and parcel of a voluntary general assignment, under the laws of the state of Missouri, and it was entitled to have all the property sold, and distributed among all the creditors *pro rata.* The difference between the two causes of action is obvious. In the first, plaintiff's primary right, as alleged, was to have the specific property wholly appropriated to the payment of its claims by reason of its attachment, levy, and the fraudulent conveyance. In the second, its primary right, as alleged, was to have all the property conveyed by the defendant distributed among all the creditors *pro rata.*

My conclusion, therefore, is that the former judgment is a bar to the present. The plea must therefore be sustained and the bill dismissed. It is unnecessary to take any notice of the demurrer; for, if the bill cannot be sustained upon the merits, any inquiry as to the sufficiency of the description in the conveyance of the land would be superfluous.