THE TERRITORY OF NEW MEXICO.   Appellant, v.
SANTA FE PACIFIC RAILROAD CO., Appellee.

SYLLABUS BY THE COURT.

SECOND ACTION—FORMER JUDGMENT—EFFECT OF.—Where a second ac-
tion is prosecuted upon the same claim and demand by the same
parties, or their privies, the judgment is a finality as to the claim
and demand in controversy concluding parties and privies, not only
as to every matter which was offered and received to sustain or
defeat the claim, but as to every other matter which might have
been offered for that purpose.

*Appeal* from the District Court of Bernalillo County, Sec-
ond Judicial District.   Affirmed.

Statement of facts in the opinion.

F. W. CLANCY, E. L. BARTLETT, for appellant.

C. N. STERRY for appellee.

MILLS, C. J.—The main suit in which the intervention
we are now considering was filed, was brought by the United
States Trust Co., of New York, against a large number of de-
fendants, to foreclose a mortgage deed of trust, on that part of
the Atlantic & Pacific Railroad, running west from Albuquer-
que.

In 1896, the district attorney for the county of Bernalillo,
filed in the main case an intervening petition, setting up the
levying of additional assessments, for the years 1893, 1894 and
1895, against the property of the Atlantic & Pacific Railroad
Company in Bernalillo county, and asking that the receiver of
that company be ordered to pay the taxes due on said addi-
tional assessments.   It was heard by the court on an agreed
statement of facts, and judgment was given for the Territory,
the intervenor.   Appeal was taken to this court, and the judg-

ment below was reversed.   U. S. Trust Co. v. Territory, 8 N. M. 673.

On June 10, 1897, a second intervening petition was filed by the Territory setting up its claim for like taxes on an additional assessment for the year 1896.   The district court dismissed this petition on account of the decision of our Supreme Court, in the U. S. Trust Co. v. Territory, *supra*.   An appeal was taken, the dismissal was affirmed, and appeals were taken from both decisions to the Supreme Court of the United States.

A third intervening petition was also filed in 1897, by Frank W. Clancy, Esq., in behalf of the Territory, for taxes claimed to be due on additional assessments in Valencia county.   By this intervention, it was made to appear that a portion of the property of the railroad, for which the additional assessments. were made, was for improvements on the right of way over what was public domain in 1866, and that another part was on improvements on the right of way over what was private property in 1866.   On hearing, this petition was dismissed by the district court, an appeal was taken to this court, and after affirmance, to the Supreme Court of the United States.

In the Supreme Court of the United States the three appeals were argued together, and the, first two were affirmed (New Mexico v. U. S. Trust Co., 172 U. S. 171), and the third (that is the one relating to the taxes in Valencia county), was reversed.   New Mexico v. U. S. Trust Co., 174 U. S. 545.

On the Valencia county appeal being reinstated in the district court of the second judicial district of this Territory, for further proceedings in accordance with the mandate of the Supreme Court of the United States, the Territory, by Frank W. Clancy, Esq., filed another intervening petition, seeking to recover from the Santa Fe Pacific Railroad Co., the present owner of the property, brought under the jurisdiction of the court in the main suit of the United States Trust Co., of New York v. The Atlantic & Pacific R. R. Co., taxes for the years 1893, 1894, 1895 and 1896, on additional assessments, upon the improvements placed upon that portion of the railroad in Bernalillo county, alleged to run over land held in private ownership in 1866.

This petition was dismissed on motion of the Santa Fe Pacific Railroad Co., on the ground that the claim of the appellant had been previously adversely adjudicated, and had become *res judicata,* so as to estop the Territory from prosecuting its petition.

The dismissal was made on motion instead of by plea, and from it the Territory appeals to this court.

The vital point in this case is the one on which it was decided by the learned judge below. He held that the claim and demand set up in the last intervening petition had already been adjudicated against the intervening petitioner in the two interventions instituted in 1896 and 1897. It is for us to decide this point, and its decision will settle this case so far as we are concerned.

SECOND action: 'former judgment: effect of.

It appears from an examination of the record, and it is not disputed, that the taxes mentioned in the last intervening petition were included in and are levied on a part of the same property on which the first two petitions were based. The appellant, however, claims that the decision of the Supreme Courts both of this Territory and of the United States, are not *res judicata* as to this proceeding, because, the taxability of the railroad where it runs over lands which were held in private ownership in 1866, does not appear on the record in the other two proceedings, and was not adjudicated therein, and also because in the opinion rendered by the Supreme Court of the United States, in the case of New Mexico v. United States Trust Co., 174 U. S. 545, which involved certain taxes on the same railroad in Valencia county, the court held that that portion of the railroad was taxable which ran over property held in private ownership in 1866.

The leading authority on the subject of estoppel by former adjudication is Cromwell v. County of Sac, 94 U. S. 351, which was decided at the October term, 1876, of the Supreme Court of the United States. Practically all cases involving this subject, which have been decided since that time, refer to this case.

That case holds that there are two classes of cases wherein the doctrine of estoppel by former adjudication may be invoked, to wit:

1st.    Where a second action is prosecuted upon the same claim and demand by the same parties or their privies; and,

2nd.    Where a second action is prosecuted upon a different claim or demand, but by the same parties or their privies.

In the first of this class of cases it is held that the judgment is a finality as to the claim or demand in controversy, concluding parties and privies, and not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might have been offered for that purpose.

In the second class of cases, wherein the second cause of action is prosecuted by the same parties, upon a different demand or claim, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the judgment was rendered.

The record shows that this intervention is prosecuted upon a part of the same claim and demand, as the first two interventions, to wit: for taxes upon the improvements on a portion of the right of way (the whole right of way being included in the other interventions) of said railroad in the county of Bernalillo, and upon other improvements of the company in that county for the years 1893, 1894, 1895 and 1896.

The parties are the same or privies, to wit:   The Territory of New Mexico, and the Santa Fe Pacific Railroad Company, which company is the successor of the Atlantic & Pacific Railroad Company, consequently it seems clear to us that this case falls within the first of the two classes of cases as defined in Cromwell v. County of Sac, *supra,* and that we are bound by the ruling in that case until the same is reversed.   At the time of deciding the Valencia county case, the Supreme Court of the United States, could if it had seen fit, have reversed its ruling in the Bernalillo county case (172 U. S. 171), but, it did not do so.

The decision of this court in the Bernalillo county tax case, U. S. Trust Co. v. New Mexico, 8 N. M. 673, which decision was affirmed by the Supreme Court of the United States, New Mexico v. United States Trust Co., 172 U. S. 171, was to the effect that the additional assessments placed upon the tax rolls of Bernalillo county upon the right of way, including road-bed, ties and rails, station buildings, workshops, depots, machine shops, etc., were upon property not liable to taxation in the county of Bernalillo, Territory of New Mexico, and that the Territory had no cause of action or demand against the receiver for the amount of taxes levied by the additional assessments.

It is apparent that the Territory by its petition in this case attempts to recover a portion of the identical tax, adjudicated by us and the Supreme Court of the United States, to be based upon assessments which were illegal. In the former case decided by us (U. S. Trust Co. v. New Mexico, 8 N. M. 673) the whole of the tax based upon the additional assessments were determined to be illegal, and it therefore necessarily follows, that the portion assessed upon improvements constructed upon the right of way falling within lands held in private ownership is illegal, the judgment not having excluded such portion of the assessments the whole of which were pronounced illegal.

In our opinion it is now too late for the Territory to make this claim. On the first hearing before the district court, the Territory need not have stipulated the facts, but might have introduced evidence, if it could have found it, to show that a portion of the railroad ran over lands which were held in private ownership in 1866, but it did not see fit to do so, and went to trial without having introduced such proof.

It is held in a case decided in New York, that a prior adjudication is a bar to such claims or matters as might have been litigated under the pleadings and issues made. Burdick v. Poor, 12 Barb. 168. There is nothing in the pleadings in this case, and the pleadings simply frame the issue, to have pre-

vented the Territory from proving, if it could have done so, that a part of the railroad right of way, ran over lands that were held in private ownership in 1866. We can not go outside of the facts as disclosed by the record, to conjecture as to why such proofs were not offered. It suffices that none were so made.

The agreed statement of facts are neither the pleadings nor the issues. They are simply the proofs upon which the cause was tried, and it nowhere appears that after the agreed statement of facts was first filed that the Territory ever sought to alter, change, amend or add to them.

Judge Brewer says in Pattison v. Wold, 33 Fed. 791, "all the grounds of recovery, all the basis of plaintiff's title, must be presented in the first action, or they are lost to him forever; exactly the same as when a party sued upon a note, and having several defenses pleads only one—the balance are as though they never existed. The party who has his day in court must make his entire showing. He can not support a claim or a dispute in different actions on different grounds."

It is unnecessary for us to consider the alleged error that the court erred in entertaining a motion to dismiss setting up the defense of *res judicata,* for if the intervening petition can not be sustained upon its merits, it would be a waste of time to discuss the question as to whether or not the point should have been raised by motion or by filing a plea.

There is no error in the decree complained of and the same therefore is affirmed.

Parker and McFie, JJ., concur.

Crumpacker, J., having tried the case below did not participate in this decision; nor did Leland, J., who was absent on account of sickness.