KALLOCH v. HOAGLAND.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1917.)

No. 2844.

1. APPEAL AND ERROR ⬦237(5), 268(1), 694(1), 719(10)—PRESENTING QUESTIONS BELOW—WANT OF EVIDENCE.

Where there was no request to direct a verdict, the charge is not contained in the record, and no exception was taken, nor error assigned to the ruling on a motion for new trial, defendant cannot urge the insufficiency of the evidence to support the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1302, 1596, 1604, 2910, 2915, 2979, 2982, 3490; Dec. Dig. ⬦237(5), 268(1), 694(1), 719(10).]

2. PHYSICIANS AND SURGEONS ⬦18(9)—ACTION FOR MALPRACTICE—EVIDENCE —SUFFICIENCY.

In an action against a physician for malpractice in the treatment of a broken leg, evidence held sufficient to take to the jury the question whether defendant failed to exercise proper care and skill in the treatment.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 44; Dec. Dig. ⬦18(9).]

3. PHYSICIANS AND SURGEONS ⬦14(4)—DEGREE OF SKILL REQUIRED.

A physician is liable for negligently failing to exercise the care and skill ordinarily possessed by surgeons practicing in that locality and under the circumstances, in the light of modern advancements and learning.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 26, 27; Dec. Dig. ⬦14(4).]

4. ACCORD AND SATISFACTION ⬦25(1)—JUDGMENT ⬦948(1)—PAYMENT ⬦59 —RELEASE ⬦45—ADMISSIBILITY OF EVIDENCE—PLEADING—DEFENSES.

Under Shannon's Code Tenn. § 4627, providing that the plea shall state the facts relied on as a defense, except as thereafter provided, and section 4636, providing that, whenever a general plea is filed, defendant shall give notice of his real defenses, and no matter of defense of which notice is not given shall be given in evidence or relied on, evidence that plaintiff, who was suing a physician for malpractice, had settled with his employer for the injuries received, which was offered to show accord and satisfaction, payment, release, or former recovery, is inadmissible, where those defenses were not pleaded.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 151, 153; Dec. Dig. ⬦25(1); Judgment, Cent. Dig. §§ 1787, 1789, 1791, 1792; Dec. Dig. ⬦948(1); Payment, Cent. Dig. § 143½; Dec. Dig. ⬦59; Release, Cent. Dig. § 87; Dec. Dig. ⬦45.]

5. COURTS ⬦347—RULES OF DECISION—STATE STATUTE—ADMISSIBILITY OF EVIDENCE.

Under the Conformity Act (Act June 1, 1872, c. 255, § 5, 17 Stat. 197 [Comp. St. 1913, § 1537]), Shannon's Code Tenn. §§ 4627, 4636, regulating pleas and the evidence admissible thereunder, is controlling in the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ⬦347.]

6. EVIDENCE ⬦162(2)—BEST EVIDENCE—JUDGMENT.

The judgment itself and the judgment record is the best evidence of a judgment, and parol evidence concerning it is incompetent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 537; Dec. Dig. ⬦162(2).]

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. APPEAL AND ERROR ☞854(4)—REVERSAL—WRONG REASON FOR COURT'S RULING.

A judgment will not be reversed for the exclusion of evidence which was inadmissible, though the reason assigned by the trial court was inaccurate or incomplete.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3413–3416; Dec. Dig. ☞854(4).]

8. PHYSICIANS AND SURGEONS ☞18(7)—ACTION FOR MALPRACTICE—EVIDENCE —ADMISSIBILITY.

In an action against a physician for malpractice, the admission of testimony as to a deformity which was not specifically alleged in the declaration was not reversible error, where it was admitted to show lack of skill and care, for which it was competent, and it appeared that the deformity had been corrected by subsequent operations, so that no recovery was asked therefor.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 40, 41; Dec. Dig. ☞18(7).]

9. APPEAL AND ERROR ☞1051(3)—HARMLESS ERROR—ADMISSION OF EVIDENCE —FACT OTHERWISE ESTABLISHED.

The admission of evidence as to a fact not alleged in the declaration is harmless, where similar evidence had been more than once introduced without objection, and defendant admitted that he knew the condition existed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4164, 4167; Dec. Dig. ☞1051(3).]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action by F. G. Hoagland against P. C. Kalloch. Judgment for plaintiff, and defendant brings error. Affirmed.

W. D. Kyser, Asst. U. S. Atty., of Memphis, Tenn., for plaintiff in error.

W. P. Armstrong, of Memphis, Tenn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and HOLLISTER, District Judge.

KNAPPEN, Circuit Judge. The defendant in error (who was plaintiff below and will be so styled here) suffered a fracture of the femur, about four inches above the knee, and was taken to the Marine Hospital at Memphis, Tenn., where the care and treatment of the fracture were undertaken by plaintiff in error, whom we shall call defendant. Plaintiff brought suit for damages occasioned by defendant's alleged negligent treatment of the fracture, whereby the injured leg was materially shortened and deformed, necessitating further operation, and entailing expense, suffering, and loss of time. There was a trial by jury, resulting in verdict and judgment for plaintiff. Defendant's motion for a new trial was overruled. But three of the errors assigned are relied upon.

[1, 2] 1. It is urged that there was no evidence to support the verdict. There was no request to direct verdict; the charge to the jury is not in the record, no exception was taken thereto, and presumably defendant was satisfied with it; error is not assigned upon the denial

of motion for new trial. In these circumstances, defendant is not entitled to have the evidence reviewed under this writ. But for the purposes of this opinion, treating the motion for new trial as raising the question of entire lack of basis for judgment, and, under our rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), disregarding the lack of assignment, we may say that, in our opinion, the record was such as to require the submission of the case to the jury.

By the undisputed testimony the fracture was simple, as distinguished from compound; it was not oblique, but was transverse, with "a slight ripping off on the outside of the upper fragment." The fracture was never reduced, the two ends of the bone being allowed to lap by in the neighborhood of two inches and to unite in that position. At the end of seven weeks plaintiff left the hospital, with the leg materially shortened and the foot turned inward.

The burden was, of course, upon plaintiff of showing defendant's want of reasonable care, skill, and diligence in his treatment of the case, and that the injuries complained of proximately resulted from a failure to exercise such care, skill, and diligence; and no presumption of such failure arises from the fact that the treatment was not successful. But the evidence given tended to sustain the burden resting on plaintiff.

In the treatment of the fracture Buck's extension method was used. While it was conceded that Buck's treatment was recognized and accepted by the profession as suitable and proper in the treatment of fractures of this nature, and while there was competent testimony that by reason of the admittedly swollen and bruised condition of the muscles it was not feasible to reduce the fracture at once, that there was no recognized treatment for reducing the swelling, that the fact that the fracture was not reduced could not be determined without an X-ray picture, that the apparatus at the hospital was out of order, that defendant's treatment was proper under the circumstances existing, and that in the normal case there is some shortening of the leg, there was, on the other hand, testimony on the part of competent witnesses that a fracture of this nature should be reduced immediately if possible (otherwise, as soon as possible), that such swelling as would interfere with reducing the fracture usually ends in about two weeks, that local treatment (by ice packs or otherwise) is recognized and feasible for the purpose of reducing swelling, that in fact the swelling in this case did leave in about two weeks, that the object of the Buck's extension treatment is to reduce the fracture, that the weights used by defendant were insufficient, that bone fragments should not be allowed to lap by, that the foot should not normally have been turned inwards, that the extent of shortening shown here was abnormal, that an X-ray would have shown that the fracture was not reduced, and that when plaintiff was discharged an external examination would show that the ends of the fractured bone had lapped by. Defendant admitted that he could have had, within a week's time, authority to get an X-ray picture by asking for it.

[3] There was express and competent medical testimony that the Buck treatment employed was not properly used. There was substan-

tial evidence tending to show that defendant did not exercise the care and skill ordinarily possessed by surgeons practicing in that locality and under the circumstances in question, in the light of modern advancement and learning on the subject; and such negligent failure is actionable. Harris v. Fall (C. C. A. 7) 177 Fed. 79, 100 C. C. A. 497, 27 L. R. A. (N. S.) 1174; Whitesell v. Hill, 101 Iowa, 629, 70 N. W. 750, 37 L. R. A. 830. It seems that the Marine Hospital in question was a government institution; but not only is the record not such as to permit us to consider whether this fact alters the rule of liability, even if defense on this ground had been made, as it was not, but upon the argument here such defense was disclaimed.

2. It appeared that after plaintiff had left the Marine Hospital he underwent further operations to repair the results of defendant's alleged negligent treatment. These new operations included an incision to the bone at the place of fracture, a breaking of the false joint, the reduction of the fracture, the putting on of metal plates to hold the bone in position until it should knit, another surgical operation to remove the plates, and still another to relieve from the pus formation incident to infection. Upon the trial plaintiff was asked by defendant's counsel if he did not "institute suit to recover from the company, for whom he was working, for the pain and suffering." The question was excluded upon the assigned ground that plaintiff could recover from defendant for "such pain and suffering as the doctor's negligence or inattention caused." Defendant's counsel then stated that he wished to "offer the proof that such suit was instituted, and a recovery had for the various operations, and a settlement was made."

[4] Defendant's contention is that, if plaintiff settled with his employers for the pain and suffering caused by the various operations resulting from defendant's negligent treatment, defendant was released to that extent. We may assume that, had there been offer of competent evidence, admissible under the pleadings, to show such recovery and settlement, it should have been admitted. But defendant is not in position to complain of the ruling. Treating the offer as one of accord and satisfaction, or of payment, release, or former recovery, the proposed testimony was inadmissible, because not pleaded. Shannon's Code, §§ 4627 and 4636; Stanley v. McKinzer, 7 Lea (Tenn.) 456, 457; Harvey v. Sweasy, 4 Humph. (Tenn.) 450; Gossett v. Railroad, 115 Tenn. 378, 391, 89 S. W. 737, 1 L. R. A. (N. S.) 97, 112 Am. St. Rep. 846.

[5, 6] Under the Conformity Act (Act June 1, 1872, c. 255, § 5, 17 Stat. 197 [Comp. St. 1913, § 1537]) the state practice in this respect is controlling in the federal courts. Knight v. Illinois Central R. R. Co. (C. C. A. 6) 180 Fed. 368, 103 C. C. A. 514. If the offer can be construed as including an actual judgment, the best evidence thereof, and of what the recovery included, would be the judgment itself and whatever judgment record there was. There was no offer of that nature; and as the record stood the parol evidence offered was incompetent.

[7] The evidence being inadmissible, reversal will not be had, even if the reason assigned by the trial court was inaccurate or incomplete.

[8, 9] 3. Complaint is made of the admission of the testimony of plaintiff's wife that plaintiff's foot was turned inward at the time of his discharge from the Marine Hospital, and against an objection that such condition was not charged in the declaration. We think this refusal worked no reversible error. True, this particular deformity was not specifically alleged in the declaration; but it was competent evidence as showing lack of skill or care, and such purpose was stated by plaintiff's counsel when the objection was made. No permanent injury was claimed to result from it, as the resetting of the fractured femur seems to have corrected the deformity in question. Moreover, proof that the foot was left in the condition stated had already been more than once introduced, and without objection. Defendant admitted that he knew the condition existed.

The judgment of the District Court is affirmed, with costs.