## CHESAPEAKE & O. R. CO. v. LUSHBAUGH.
## SAME v. TEMPLE.

(Circuit Court of Appeals, Sixth Circuit. March 10, 1927.)

Nos. 4694, 4695.

1. **Appeal and error** &infin;237(5)—**Question of propriety of submission of case to jury is not presented, in absence of motion for directed verdict.**

Question of whether case should have been submitted to jury under evidence is not presented, where there was no motion for directed verdict.

2. **Appeal and error** &infin;882(8)—**Defendant may not complain of admitting testimony, when offering evidence of same character and requesting instructions on assumption of proper admission.**

Defendant is not in position to complain of admissibility of evidence, where it offered evidence of same character and requested instructions on assumption that evidence was properly admitted.

In Error to the District Court of the United States for the Eastern Division of the Southern District of Ohio; Benson W. Hough, Judge.

Separate actions by Grace Lushbaugh, administratrix of the estate of John Robert Lushbaugh, deceased, and by Orville G. Temple, against the Chesapeake & Ohio Railroad Company. Judgments for plaintiffs, and defendant brings error. Affirmed.

Fred C. Rector, of Columbus, Ohio (Henry Bannon, of Portsmouth, Ohio, on the brief), for plaintiff in error.

R. B. Newcomb, of Cleveland, Ohio (Pugh & Pugh, of Columbus, Ohio, and Newcomb, Newcomb & Nord, of Cleveland, Ohio, on the brief), for defendants in error.

Before MACK and MOORMAN, Circuit Judges, and DAWSON, District Judge.

PER CURIAM. These cases present the same questions of law and fact. They were argued and may be disposed of together.

The first error assigned relates to the charge given in the Lushbaugh Case, which is said by counsel for plaintiffs in error to be erroneous because it permitted a recovery if the defendant was negligent, whether its negligence was or was not the proximate cause of Lushbaugh's injuries. A sufficient answer to that contention is that the excerpts, on which the argument is based, must be read in connection with the entire charge, and when so read there is no room for saying that a recovery was authorized upon any ground save

that of a finding of negligence proximately causing the injury. There was no exception whatever to the charge in the Temple Case, and the language complained of does not appear in that case.

[1, 2] In discussing the sufficiency of the inspection of the cliff adjacent to the right of way, the evidence of other accidents, and the location of the rock which fell, causing the derailment of the engine which Lushbaugh and Temple were operating, counsel for plaintiffs in error seemingly take the position that the cases ought not to have been submitted to the jury because the testimony of plaintiffs' witnesses was demonstrably untrue and contrary to the physical facts. The question is not presented because there was no motion for a directed verdict. But, if it had been raised, there was, we think, evidence requiring the verdict of a jury. We may add that plaintiffs in error made that concession by failing to ask for directed verdicts and by requesting charges which assumed that there was evidence for the jury. The assignments dealing with the admission of testimony are also without merit. Evidence of other rocks falling on the track was objected to upon the theory that it was not shown that they fell from the adjacent cliff. That deficiency was later supplied. If the evidence was of doubtful admissibility, defendant is not in position to complain, because it offered evidence of the same character and also requested instructions upon the assumption that it was properly admitted.

The judgment in each case is affirmed.