## HESSIG–ELLIS DRUG CO. v. GRINNELL LITHOGRAPHIC CO.

Circuit Court of Appeals, Sixth Circuit.
July 1, 1929.

No. 5147.

J. S. Allen, of Memphis, Tenn. (Kyser & Allen, of Memphis, Tenn., on the brief), for appellant.

R. E. King, of Memphis, Tenn. (Ewing, King & King, of Memphis, Tenn., and Larkin, Rathbone & Perry, of New York City, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. This suit was brought by the Grinnell Lithographic Company against the Hessig-Ellis Drug Company to recover a balance of the sale price of embossed labels or coverings for candy boxes. The principal of the amount claimed was made up of the following items: $11,420, balance of purchase price of $17,-487.50 for 235,000 labels; $5,062.06 for an overrun of 84,000 labels; and $443.-57 for labels with special mountings. All of these items were contested by defendant upon the ground that the labels were neither contracted for nor received by it, but were bought by the Rumrill Brokerage Company and the Schneider Candy Company, and that the Hessig-Ellis Drug Company merely acted as an agent or friend of those companies. The court below submitted all questions concerning this defense to the jury, and there was a verdict for the plaintiff for the full amount of its claim upon which judgment was entered.

The lithographic company is a New York corporation, with its principal place of business in that state, and the Hessig-Ellis Drug

Company is a Tennessee corporation, with its place of business at Memphis, Tenn. The order for the labels was given at the plant of the drug company on September 29th, and was confirmed on November 5th by letter from the lithographic company to the drug company. Other correspondence between the parties, together with parol evidence, was introduced as tending to show the terms of the contract and the responsibility thereunder of the drug company.

It is not seriously contended that there was not sufficient evidence to take the case to the jury on the issue as to whether the drug company was the purchasing party to the contract of September 29th. The position of that company is that even if it is bound for the labels specified in the letter of November 5th, it is not bound for the overrun for which the lithographic company charged $5,062.06, or for the $443.57 for labels with special mountings. It is said that these latter items are for labels which were shipped to the Schneider Candy Company, and that before they were shipped the lithographic company had been informed by the drug company that it had acted only as agent for the candy company, and that the lithographic company would have to look to the candy company for its pay if it shipped the labels.

■ The test of liability as to the overrun labels was whether the drug company contracted for them. If it did, the shipping of them to the candy company after the drug company disclaimed responsibility is unimportant. There was evidence tending to show that the contract contemplated an overrun of 10 per cent., but there was a considerably larger quantity than that. The court in charging the jury did not distinguish between the 10 per cent., and the excess thereover, but made the liability of the drug company as to the whole depend upon a contractual obligation. There was an evidentiary basis for this as to the 10 per cent. Whether there was evidence of such obligation as to the excess thereover is a question that is not before us, since the drug company neither excepted to the charge as given nor requested a directed verdict as to that part of the overrun. It did request the court to charge that the original order covered only a specified number of labels amounting in value to $17,487.50, and that the jury in no event could find for the plaintiff in a sum in excess of that amount subject to a credit of $6,067.50 which had been paid. This was properly refused, because

it would have directed the jury to find for defendant as to a part of the overrun, upon which there was an issue for the jury. United States v. Hough, 103 U. S. 71, 26 L. Ed. 305; United States v. United States Fidelity & Guaranty Co., 236 U. S. 512, 35 S. Ct. 298, 59 L. Ed. 696.

A request was made at conclusion of the evidence which was the equivalent of a motion for a directed verdict as to the claim of $443.57 for labels with special mountings. The same request was made again at the conclusion of the court's charge, and exceptions were taken in both instances to the court's refusal to grant it. The evidence in regard to these labels is somewhat different from that relating to the others. We have found no evidence tending to show that they were included in the contract with the drug company. As to that item, therefore, the court should have directed a finding for defendant.

■ Appellant also complains of the admission in evidence of a custom of the trade by which it was understood that the number of labels agreed upon would be deemed to include the furnishing of 10 per cent. more. This custom exists, it seems, because of shop wastes in manufacturing labels of this kind, which are manufactured upon special orders and usually from special materials. The contract sued on was a parol contract. It was proved by parol evidence and by the correspondence between the parties. The evidence of custom was received by the court upon the condition that proofs would thereafter be made that it was embraced within the express agreement of the parties. Evidence of this was later introduced in the form of a written admission of the drug company. Clearly, therefore, the evidence was admissible.

Other assignments elaborately argued deal with offered requests which the court was so clearly right in denying that we do not consider it necessary to discuss them. Neither was there any error in the overruling of the motion to make the declaration more specific. The declaration as amended was as specific as it could well have been made without a statement of the evidence upon which the plaintiff relied.

The judgment will be affirmed upon condition that appellee file in this court within 30 days a certified copy of a remittitur filed in the lower court, remitting $443.57, with interest thereon from July 19, 1926, to December 16, 1927, lacking which the judgment will be reversed.