## HUNT v. STANDARD BRANDS, Inc.

### No. 6528.

Circuit Court of Appeals, Sixth Circuit.
June 8, 1934.

Rehearing Denied Oct. 9, 1934.

Charles P. Taft, 2d, and Edw. P. Moulinier, both of Cincinnati, Ohio, for appellant.

Joseph S. Graydon and Gregor B. Moormann, both of Cincinnati, Ohio (Joseph H. Head and Maxwell & Ramsey, all of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

Action by appellant, Hunt, receiver for Roberts & Hall, stockbrokers, to recover damages of appellee, Standard Brands, Inc., for the conversion of two stock certificates of the Fleischmann Company, each for 100 shares. The case was tried to a jury.

Appellant took no exception to the court's charge and made no motion for a directed verdict. The jury returned a verdict for defendant.

Appellant entered a motion for a new trial upon the grounds that the verdict (1) was contrary to law; (2) was not sustained by any substantial evidence; and (3) was contrary to the weight of the evidence. This motion was overruled and judgment was entered dismissing the action. He excepted and appealed, assigning as error that the verdict and judgment are contrary to the law and are not sustained by any substantial evidence. To be technically correct the assignment should have been that upon the undisputed evidence appellant was unquestionably entitled to a verdict as a matter of law; but, treating it as adequate, the question whether the evidence required a verdict for appellant is not reviewable in the absence of a motion by him for a directed verdict at the close of all the evidence. Sun Pub. Co. v. Lake Erie Asphalt Block Co., 157 F. 80, 82 (C. C. A. 6); Cleveland & Western Coal Co. v. Main Island Creek Coal Co., 297 F. 60, 62 (C. C. A. 6); Kalloch v. Hoagland, 239 F. 252, 253 (C. C. A. 6); Hessig-Ellis Drug Co. v. Grinnell Lithographing Co., 33 F.(2d) 449 (C. C. A. 6); Chesapeake & O. R. Co. v. Lushbaugh, 17 F.(2d) 986 (C. C. A. 6).

It is contended that the court abused its discretion in overruling the motion for a new trial because the evidence not only preponderated against the verdict but failed substantially to support it and there was therefore no basis for judgment. This complaint was not assigned as error and appellant is not entitled as a matter of right to have it considered. Kalloch v. Hoagland, supra; Rule 11 of this court.

This court may, however, waive the rule and determine whether the action on the motion constituted "plain error," but the order, in any event, is not reviewable further than to determine whether there was a clear abuse of discretion. Hines v. Smith, 270 F. 132 (C. C. A. 6); Parker v. Elgin, 5 F.(2d) 562, 564 (C. C. A. 6); Kos v. Baltimore & Ohio R. Co., 28 F.(2d) 872 (C. C. A. 6); National Surety Co. v. Jean, 61 F.(2d) 197, 198 (C. C. A. 6); Pugh v. Bluff City Excursion Co., 177 F. 399 (C. C. A. 6). It is not apparent from the record that there was an abuse of discretion in the denial of the motion. Upon the single point whether the certificates were owned by Roberts & Hall at the time of the alleged conversion, we think that the court might justifiably have concluded that although the evidence (which we do not here analyze but which we have examined) might have permitted a verdict for appellant, it did not absolutely require it, that the issue was one peculiarly for the consideration of the jury upon the law as given in the charge.

The judgment of the District Court is affirmed.