## McCOY v. UNIVERSAL CARLOADING & DISTRIBUTING CO.

### No. 6879.
Circuit Court of Appeals, Sixth Circuit.
March 6, 1936.

Harrison & Marshman, of Cleveland, Ohio (M. C. Harrison, of Cleveland, Ohio, of counsel; Pollack & Pollack, Edward A. Rose, and William Jerome Pollack, all of Cleveland, Ohio, on the brief), for appellant.

Howell Leuck, of Cleveland, Ohio (Louis A. Helm, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Suit by Donald McCoy, appellant, against Universal Carloading & Distributing Company, appellee, to recover damages for personal injuries. Appellant was a helper on a freight truck, which on September 9, 1931, was being used to carry a load between Cleveland, Ohio, and New York City. He was employed by Ewart Kneeshaw, the owner and driver of the truck.

Appellee carried on the general business of freight forwarding. It solicited the carriage of freight in less than carload lots, providing docks for its collection, loading, and unloading in Cleveland, New York, and other cities in which it operated.

It owned no transportation equipment, but had an arrangement in Cleveland with Stores Express Company for the movement of its freight to and from designated points. Stores Express owned few, if any, trucks, but fulfilled its undertaking with appellee by providing privately owned trucks and drivers as they were needed. Pursuant to this arrangement, Stores Express hired Kneeshaw and his truck for the trip indicated. There was evidence tending to show that while the truck was descending a hill near Chittenango, N. Y., Kneeshaw negligently lost control and it ran down the hill at a speed of possibly 75 to 80 miles an hour, throwing appellant violently from it and injuring him.

The main controversy was whether Kneeshaw was the agent of appellee or an independent contractor. There was a verdict and judgment for appellee.

Appellant complains of misconduct upon the part of the jury. There is no merit in this assignment and it will not be further considered.

Others errors assigned are: (1) That the verdict was contrary to the weight of the evidence and the law; (2) that the court refused appellant's request to charge as to the liability of appellee if the jury should find that it was a common carrier; and (3) that the court instructed the jury, during counsel's argument, that there was a failure of proof as to matters being presented by counsel and in contradicting counsel with reference thereto.

This court does not determine the weight of the evidence (Gunning v. Cooley, 281 U. S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720), but treating the complaint that the verdict was contrary to law as equivalent to the contention that appellant was entitled to a verdict as a matter of law, we are without power to review the evidence because appellant made no motion for a directed verdict. Hunt, Receiver, v. Standard Brands, Inc., 72 F.(2d) 822 (C.C.A.6).

The requested instruction made the basis of the second assignment of error is as follows: "If the jury finds that the defendant was a common carrier of freight, for hire, then in that event it would not make any difference whether the driver of the truck was subject to any control of the defendant or not."

The theory upon which this request was submitted was, that if appellee was a com-

mon carrier, it would be liable for the negligence of Kneeshaw even though he was an independent contractor.

We gather from the record that the request was denied, because no such theory was advanced during the trial; or if it was, there was no substantial evidence in support of it. But that question to one side, the request was wholly inadequate. Had it been granted as presented, and without more, the jury would have been left to determine for itself without adequate or helpful instruction whether appellee was a common carrier, and if so, then upon what basis it would be liable.

The third assignment presents a more serious matter.

During his argument, appellant's counsel said to the jury: "Insurance was required on those trucks in favor of the Universal both on the cargo and *for injuries or property damage to other people.*" (Italics ours.)

Thereupon the following colloquy took place between the court and counsel:

"The Court: Is there any testimony to that effect? Mr. Leuck: Well, I disagree with that, your Honor.

"The Court: Well, you ought to call the Court's attention to these. Mr. Leuck: Well, I—

"Mr. Pollack: I beg pardon, Judge?

"The Court: I don't recall any evidence.

"Mr. Pollack: Mr. White's.

"The Court: Now just wait a minute. Of course there was insurance required on the cargo, for the benefit of the Universal. There is no evidence that insurance was required on public liability.

"Mr. Pollack: Mr. White testified.

"The Court: No, I think not.

"Mr. Pollack: Well—

"The Court: Confine yourself to the record.

"Mr. Pollack: Exception."

The court was mistaken in the statement that "there is no evidence that insurance was required on public liability." Newton L. White, a witness for appellant, testified:

"We were required by the Universal to furnish the equipment and insurance on the equipment.

"Q. And what did that insurance consist of, what kind of insurance, I should ask? A. Cargo and public liability and property damage."

Again he testified:

"Mr. Pollack: May I just ask a question: The insurance on the cargo and public liability, it was required that that be— or named the Universal as the assured, is that correct?

"The Witness: It named us and the Universal.

"Mr. Pollack: As the assured?

"The Witness: Yes, sir."

The court had received the impression that there was no evidence as to insurance against public liability and in the press of matters incident to the trial had no doubt overlooked the testimony of White with reference thereto. Ordinarily, evidence that a carrier has protected itself against public liability by insurance upon its vehicles is not pertinent, but we think it was relevant here. Finkbine Lbr. Co. v. J. B. Cunningham, 101 Miss. 292, 301, 57 So. 916; Barg v. Bousfield, 65 Minn. 355, 360, 68 N.W. 45. See, also, Cushman Motor Del. Co. v. Smith (Ohio App.) 1 N.E.(2d) 628, decided June 24, 1935.

White's testimony was unobjected to, and it disclosed one circumstance among others which tended to show that appellee considered itself responsible in case of an accident, and by inference therefrom regarded Kneeshaw as its agent rather than an independent contractor in the operation of the truck, and we are not satisfied that the statement from the bench, to wit, that "there is no evidence that insurance was required on public liability" did *not prejudicially affect the jury's consideration of the case.* Naturally, a jury is alert to recall any significant comment from the bench.

It is urged that the remark was harmless because it in no way affected the jury's consideration of that part of White's testimony touching cargo insurance, but the difficulty is that cargo insurance and insurance against liability to the public stand upon a different basis. Cargo insurance was for the protection of appellee against claims of shippers or consignees for damages to their goods, while insurance against public liability could have no other purpose than to protect against negligence.

Again, the effect, unintentional of course, of the court's remarks was to deny

counsel the right and privilege of commenting upon important evidence which really existed. We are unable to say that this was not prejudicial.

For the errors indicated, the judgment is reversed, and the case remanded for a new trial.